UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DARRYL RUFFIN** | **CIVIL ACTION NO. 6:14-2302** |
|     **LA. DOC #165228** | |
| **VS.** | **SECTION P** |
| | **JUDGE DOHERTY** |
| **WARDEN RAY HANSON** | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Darryl Ruffin filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on May 21, 2014 in the United States District Court for the Eastern District of Louisiana; the case was transferred to this court on July 14, 2014. Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections, currently incarcerated at the Richwood Correctional Center in Monroe, Louisiana. Petitioner attacks his 2011 conviction for possession with intent to distribute cocaine entered in the Louisiana Sixteenth Judicial District Court for St. Mary Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE.**

## PROCEDURAL HISTORY

Petitioner was charged with various drug and a traffic offenses.  After initially entering a plea of not guilty, petitioner filed a Motion to Suppress the evidence against

him which was seized from the vehicle petitioner was driving. An evidentiary hearing on the Motion to Suppress was held on April 6, 2010, at which time St. Mary Parish Sheriff Agent Duval Arthur, III testified on behalf of the State.

Petitioner later withdrew his not guilty plea and, on April 21, 2011, petitioner entered a no contest plea under *State v. Crosby*, 338 So.2d 584 (La. 1976) to possession with intent to distribute cocaine, reserving his right to appeal the ruling on his Motion to Suppress. Petitioner was sentenced to serve fifteen years imprisonment.

Petitioner attempted to directly appeal the issues presented in his Motion to Suppress to the Louisiana First Circuit Court of Appeal. However, because the record contained no ruling by the trial court on petitioner's Motion to Suppress, on May 3, 2012, the First Circuit remanded the matter to the trial court for entry of a Ruling on the Motion. [rec. doc. 1, pg. 57-60, *State v. Ruffin*, 2011-KA-1698 (La. App. 1st Cir. 5/3/2012).

On remand, the trial court formally denied petitioner's Motion to Suppress. Thereafter, petitioner directly appealed to the Louisiana Third Circuit Court of Appeals.

On direct appeal, petitioner argued that the trial court erred when it denied his Motion to Suppress because the time reasonably necessary for the initial traffic stop of his vehicle was exceeded and no reasonable suspicion of additional criminal activity or probable cause existed to justify continued investigation of a more serious criminal offense, and the search of his vehicle was not voluntary because petitioner's consent was ineffective.

On June 7, 2013, petitioner's conviction and sentence was affirmed in an unpublished opinion. [rec. doc. 1, pg. 33-38, *State v. Ruffin*, 2012-KA-1793, 2013 WL 2490377 (La. App. 1st Cir. 6/7/2013)]. The Louisiana Supreme Court denied further direct review on May 2, 2014. [rec. doc. 1, pg. 32, *State v. Ruffin*, 2013-KO-1925, 138 So.3d 1237 (La. 5/2/2014); *State v. Ruffin*, 2013-K-1916, 138 So.3d 1237 (La. 5/2/2014)].

In the instant federal *habeas corpus* petitioner, petitioner challenges the Louisiana state court's denial of his Motion to Suppress. More specifically, petitioner argues that the evidence seized from petitioner's vehicle should have been suppressed because it was obtained in violation of the Fourth Amendment of the United States Constitution because the time reasonably necessary for the initial traffic stop of his vehicle was exceeded and no reasonable suspicion of additional criminal activity or probable cause existed to justify continued investigation of a more serious criminal offense, and the search of his vehicle was not voluntary because petitioner's consent was ineffective.[1] He therefore requests that this court find the search and seizure unconstitutional and, therefore, that all of the evidence derived from the traffic stop and search of his vehicle be suppressed under the "fruit of the poisonous tree doctrine." [rec. doc. 1, pg. 31].

---

[1] Although petitioner also cites the Fifth, Sixth and Fourteenth Amendments, his claims implicate only the Fourth Amendment.

## LAW AND ANALYSIS

*Rule 4 Consideration*

Rule 4 of the Rules Governing § 2254 Cases authorizes the district court to examine and dismiss non-meritorious and frivolous *habeas corpus* petitions. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). Thus, it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.[2] *Kiser*, 163 F.3d at 328. Review of the instant petition for federal *habeas corpus* relief plainly establishes that petitioner is not entitled to relief. Accordingly, the petition should be dismissed with prejudice pursuant to Rule 4 for the reasons that follow.

### I. Petitioner's Fourth Amendment Claim

> [W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal *habeas corpus* relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.

*Stone v. Powell*, 96 S.Ct. 3037, 3052 (1976) (footnotes omitted).

Moreover, when the "state provides the processes whereby a defendant can obtain full and fair litigation of a fourth amendment claim, *Stone v. Powell* bars federal *habeas*

---

[2]Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The Advisory Committee Notes following Rule 4 state that " it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*corpus* consideration of that claim whether or not the defendant employs those processes." *Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978); *ShisInday v. Quarterman*, 511 F.3d 514, 524-525 (5th Cir. 2007).

Accordingly, "if state procedures afford the defendant in a criminal case the opportunity to (fully and fairly) litigate whether evidence obtained in violation of the Fourth Amendment should be excluded . . . then *Stone v. Powell* precludes federal *habeas* consideration of those issues whether or not the defendant avails himself of that opportunity." *Id*. at 1193; *Janeka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002). Thus, all that is required for the application of *Stone* is the opportunity to present a Fourth Amendment claim to the state trial court and the availability of meaningful appellate review, whether the defendant avails himself of that opportunity. *Id.* at 1191-92.[3]

Stated differently, "it is the existence of state processes allowing an opportunity for full and fair litigation of fourth amendment claims, rather than a defendant's use of those processes" which bars federal habeas corpus consideration of claims under *Stone*.

---

[3] *See also Williams v. Collins*, 16 F.3d 626, 637-38 (5th Cir.), *cert. denied*, 512 U.S. 1289, 115 S.Ct. 42, 129 L.Ed.2d 937 (1994); *Smith v. Maggio*, 664 F.2d 109, 111 (5th Cir. 1981) (noting that "the opportunity to present a fourth amendment claim to the state trial and appellate courts, whether or not that opportunity is exercised or proves successful, constitutes an "opportunity for full and fair consideration" of a defendant's fourth amendment claim under *Stone* . . . ."); *Williams v. Wainwright*, 604 F.2d 404, 406 (5th Cir. 1979) (noting that *Stone* holds " that Fourth Amendment claims may not be litigated in a federal *habeas corpus* petition if they could have been fully and fairly presented at the state level . . . ."); *Williams v. Brown*, 609 F.2d 216, 219 (5th Cir. 1980) (noting that absent sufficient factual allegations and proof that the state process is "routinely or systematically applied in such a way as to prevent the actual litigation of Fourth Amendment claims on their merits, the rationale of *Caver* dictates . . . [the] application of *Stone* . . . " to both mistakes in the adjudication of the merits and "to procedural mistakes that thwart the presentation of fourth amendment claims.").

*Register v. Thaler*, 681 F.3d 623, 628 (5th Cir. 2012).

Petitioner argues that the evidence used to obtain the challenged conviction should be suppressed because the evidence was seized in violation of the Fourth Amendment. The record, however, reflects that petitioner challenged the search of his vehicle and seizure of the evidence which would have been introduced against him at trial by an unsuccessful pre-trial Motion to Suppress, and that the trial court's adverse ruling was not reversed on direct appeal by the Louisiana First Circuit Court of Appeal or the Louisiana Supreme Court. Thus, it is clear that the Louisiana state courts afforded petitioner the opportunity to litigate the allegedly unlawful search and seizure, and that petitioner availed himself of that opportunity. This is all that is required under the *Stone* rationale. The fact that petitioner may disagree with the state court's decision is not sufficient to overcome the *Stone* bar. *Janeka*, 301 F.3d at 320 *citing Swicegood v. Alabama*, 577 F.2d 1322, 1324 (5th Cir. 1978).[4]

Under these circumstances, petitioner's Fourth Amendment claim that evidence which would have been used against him at trial was obtained in violation of the Fourth Amendment is barred and the claim is not cognizable on federal *habeas* review.

---

[4]Petitioner argues that the Louisiana appellate courts denied him a "meaningful appeal" by "stringing together boilerplate language in lieu of actually addressing the core issue presented for review" namely, "the trial court's failure to take into account as meaningful circumstances, the overwhelming evidence of Mr. Ruffin's vulnerable subjective 'state' as well as the 'subtly coercive' behavior and questions of the police officer. . . ." The undersigned's review of the First Circuit's decision reveals the opposite.

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts since it plainly appears from the petition and attached exhibits that the petitioner is not entitled to relief.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the**

parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, October 1, 2014.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE